IN UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| HOT CRETE LLC | ) | Case No. 24-10303-smr |
| Debtor. | ) | |

**MOTION OF SUMITOMO MITSUI FINANCE
AND LEASING COMPANY, LIMITED
FOR RELIEF ROM THE AUTOMATIC STAY
PURSUANT TO 11 USC 362(d)(2) AND WAIVER OF THE
<u>FOURTEEN (14) DAY STAY IMPOSED BY RULE 4001(a)(3)</u>**

<u>**14-DAY NEGATIVE NOTICE – LBR 4001(a):**</u>

**THIS PLEADING REQUESTS RELIEF THAT MAY BE ADVERSE TO YOUR INTERESTS.**

**IF NO TIMELY RESPONSE IS FILED WITHIN FOURTEEN (14) DAYS FROM THE DATE OF SERVICE, THE RELIEF REQUESTED HEREIN MAY BE GRANTED WITHOUT A HEARING BEING HELD.**

**A TIMELY FILED RESPONSE IS NECESSARY FOR A HEARING TO BE HELD.**

Sumitomo Mitsui Finance and Leasing Company, Limited ("SMFL") files this Motion for Relief from the Automatic Stay pursuant to 11 U.S.C. §362(d)(2) and for Waiver of the Fourteen (14) day stay imposed by Rule 4001(a)(3) and in support thereof states as follows:

**I.    <u>JURISDICTION AND VENUE</u>**

1. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A) and 1334.

2. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408(1).

**II.    <u>SUMMARY OF FACTS</u>**

3. On or about September 25, 2020, Hot Crete LLC ("Hot Crete" or the "Debtor") entered into an Equipment Finance Agreement (the "Agreement") with Ascentium Capital LLC ("Ascentium") pursuant to which Ascentium agreed to finance Hot Crete's purchase of a 2020 Peterbilt with Rhino Cement Mixer, VIN #1NPCL90X3LD721378 (collectively, the "Truck"). A true and correct copy of the Agreement is annexed hereto as Exhibit "A".

4. As security for the repayment of the indebtedness due and owing under the Agreement, Hot Crete granted to Ascentium a security interest in and to the Truck. Ascentium perfected its interest in the Truck by notating its lien on the Truck's Certificate of Title. A true and correct copy of the Certificate of Title is annexed hereto as Exhibit "B".

5. On or about March 29, 2024, Ascentium duly assigned all right, title and interest to the Agreement to SMFL. A true and correct copy of the Assignment is annexed hereto as Exhibit "C".

6. On or about March 22, 2024, (the "Petition Date"), the Debtor filed for relief under Chapter 11 of the United States Bankruptcy Code.

7. As of the Petition Date, there was due and owing to SMFL the sum of $107,788.01.

8. SMFL believes that the Truck has a liquidation value of approximately $97,000.00. This value was obtained from SMFL's remarketing department, which regularly recovers and sells vehicles of this kind.

9. The Debtor had originally indicated to SMFL that it had a buyer for the Truck, but has since indicated that the sale of the Truck has fallen through and that SMFL should seek relief from stay.

### III. STANDARDS FOR RELIEF FROM STAY

10. 11 U.S.C. §362(d)(2) provides that:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying or conditioning such stay –
>
> (2) with respect to a stay of an act against property under subsection (a) of this section, if –
>
> (A) the Debtor does not have an equity in such property; and,
>
> (B) such property is not necessary to an effective reorganization.

11. Under Section 362(g), SMFL has the burden of proof on the issue of the Debtor's equity, and the Debtor has the burden on all other issues.

12. As set forth above, SMFL maintains a lien on the Truck in the amount of $107,788.01 while the Truck has a value of approximately $97,000.00.

13. As a result, the Debtor can not claim to have any equity in the Truck. Accordingly, the first prong of the 362(d)(2) analysis is satisfied.

14. The second prong of this analysis requires that the property not be necessary to an effective reorganization.

15. Here the second prong is easily satisfied as the Debtor has indicated to SMFL that it does not need the Truck to reorganize and that SMFL should seek relief from stay.

16. Accordingly, because both requirements of 362(d)(2) have been satisfied, relief from stay should be granted so that SMFL may take those steps necessary to take ownership of the Truck and mitigate its damages.

### IV. PRAYER FOR RELIEF

**WHEREFORE,** based upon the foregoing, SMFL respectfully requests that the Court enter an order pursuant to 11 U.S.C. 362 (d) granting SMFL relief from the automatic stay to enforce its rights with respect to the Truck, including but not limited to selling the Truck, and applying the proceeds thereof to the obligations owing to SMFL; for waiver of the fourteen (14) day stay imposed by Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure and for such other and further relief as this Court deems just and proper.

Respectfully submitted.

OFFERMAN & KING, L.L.P.
BY: /s/ James W. King
    JAMES W. KING
    TBA NO. 00791029
    6420 WELLINGTON PLACE
    BEAUMONT, TEXAS 77706
    (409) 860-9000
    (409) 860-9199-FAX
    jwk@offermanking.com
ATTORNEY IN CHARGE FOR MOVANT

CERTIFICATE OF SERVICE

    I hereby certify that true and correct copies of the foregoing have been forwarded to the following parties by electronic means or by first-class mail:

Attorney for Debtor:
Todd Brice Headden
7600 Burnet Road
Suite 530
Austin, TX 78757

U.S. Trustee:
Aubrey L. Thomas
615 E. Houston Street
Suite 533
San Antonio, TX 78205

Debtor:
Hot Crete, LLC
2010 Brushy Creek Road
Unit A
Cedar Park, TX 78613

Parties that will not be
Electronically Notified:
Royston Rayzor Vickery & Williams, LLP
Fountainhead Tower
8200 IH 10 W. #504
San Antonio, TX 78230

Terra Point LLC
Attn: Tim Watters
2802 Flintrock Trace, Suite 284
Austin, TX 78738

    And all Creditors on the attached Matrix.

    This service complies with Local Rule of Bankruptcy Procedure **9013(f)** and has been accomplished.

    SIGNED AND DONE on October 31, 2024

/s/ James W. King
James W. King