IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| IN RE: § | § Case No. 24-10303-smr |
| § | § |
| HOT CRETE, LLC, § | § CHAPTER 11 |
| § | § |
| DEBTOR § | § **MOTION FOR RELIEF FROM AUTOMATIC STAY PURSUANT TO 11 U.S.C Section 362(d)** |

**THIS PLEADING REQUESTS RELIEF THAT MAY BE ADVERSE TO YOUR INTERESTS. IF NO TIMELY RESPONSE IS FILED WITHIN 14 DAYS FROM THE DATE OF SERVICE, THE RELIEF REQUESTED HEREIN MAY BE GRANTED WITHOUT A HEARING BEING HELD. A TIMELY FILED RESPONSE IS NECESSARY FOR A HEARING TO BE HELD.**

TO THE HONORABLE JUDGE OF THIS COURT:

NOW COMES unsecured Creditor Ansar Chmeis ("Movant"), pursuant to 11 U.S.C. § 362(d)(1), Federal Rule of Bankruptcy Procedure 4001, and Local Bankruptcy Rule 4001, and hereby moves this Court to modify or lift the automatic stay so that he may prosecute his claims in a construction defect action against Debtor Hot Crete, LLC ("Debtor"), with any recovery in the action to be limited to the proceeds of any applicable insurance policies providing coverage for Debtor. In support, Movant shows as follows:

1. On March 22, 2024 (the "Petition Date"), Debtor filed for protection under Chapter 11 of the Bankruptcy Code.

2. This Court has jurisdiction of this proceeding pursuant to 28 U.S.C. §1334 and 11 U.S.C. §§105 and 362.

1
**CREDITOR ANSAR CHMEIS' MOTION FOR RELIEF FROM AUTOMATIC STAY PURSUANT TO 11 U.S.C s. 362(d)**

3. As of the Petition Date, there was due and owing to Movant the sum of at least $400,000.00, excluding interest or other charges.

4. Movant is an unsecured creditor of the Debtor and a party in interest in these proceedings.

5. On October 31, 2024, Movant filed his Proof of Claim, indicating his existing claim against Debtor for Negligent Construction relating to the construction of a swimming pool built, at least in part, by Debtor.

6. Based upon information provided by Debtor to Movant, Debtor purchased commercial general liability insurance policies from Federated Insurance Company ("Federated"). Movant has initiated a claim with Federated, which has been assigned Claim No. 7840001-1. Federated has not denied coverage for Movant's claims.

7. Movant seeks relief from the automatic stay to permit him to proceed with a state court action, any appeal, final judgment, and collection of same. Pursuant to 11 U.S.C. § 362(d), "On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section such as by terminating, annulling, modifying, or conditioning such stay" for cause.[1]

8. The stay may be lifted "when the movant is simply seeking to establish the fact and amount of the debtors' liability."[2] A court's decision to lift the stay is determined on a case-by-case basis and will be set aside only for an abuse of discretion.[3]

---

[1] 11 U.S.C. § 362(d)(1).
[2] *See In re Peterson*, 116 B.R. 247, 250 (Bankr. D. Colo. 1990); *see In re Fowler*, 259 B.R. 856 (Bankr. E.D. Tex. 2001).
[3] *See In re Fowler*, 259B.R. 856, 857 (Bnkr. E.D. Tex. 2001).

2
**CREDITOR ANSAR CHMEIS' MOTION FOR RELIEF FROM AUTOMATIC STAY PURSUANT TO 11 U.S.C s. 362(d)**

9. In considering 11 U.S.C. § 362(d), courts have granted motions for relief from an automatic stay to permit a movant to proceed with a civil action where two conditions were met:

a. no 'great prejudice' to either the bankruptcy estate or the debtor must result from the continuance of the civil action, and

b. the hardship to the plaintiff caused by the continuance of the stay considerably outweighs the hardship caused to the debtor by modification of the stay.[4]

10. "The easiest ground for determining that "cause" exists in favor of an unsecured creditor is when the creditor seeks to recover from nonestate property, such as under an insurance or indemnity agreement."[5]

11. This is exactly the case here, and thus, application of the relevant factors weighs heavily in favor of lifting the stay and good cause exists for granting the requested relief under 11 U.S.C. § 362(d)(l).

12. Movant seeks recovery for claims relating to negligent construction of a swimming pool from Debtor. Based upon the representation that Debtor has insurance coverage, Movant's recovery pursuant to such claims would be the ultimate obligation of Debtor's insurance carrier, not Debtor's estate.

13. Relief from stay, if granted in this instance, would not cause prejudice to the Debtor Estate because proceeds of the applicable insurance policies are not property of the Estate. Since the applicable insurance coverage is not property of the estate, any applicable insurance proceeds

---

[4] *See Matter of McGraw*, 18 B.R. 140, 141-42 (Bankr. W.D. Wisc. 1982).
[5] *See In re Borbidge*, 81 B.R. 332, 335 (Bankr. E.D. Pa. 1988) (*citing Matter of McGraw*, 18 B.R. 140 (Bankr. W.D. Wisc. 1982); 2 *Collier on Bankruptcy*, 362.07 [3], at 362-62 (15th ed. 1987)).

would be paid directly to Movant rather than to the Estate. Thus, any payment of insurance proceeds would have no effect on reorganization or this proceeding.[6]

14. Termination of the stay and allowing the state court action to proceed will also allow for and result in a complete resolution of the issues involved therein. Avoiding the delay caused by the automatic stay will further the interests of judicial economy and expeditious resolution in the state court litigation.

15. Under the relief requested herein, there is no prejudice to other creditors from lifting the stay because Movant's recovery against insurance proceeds in no way impacts the rights of other creditors and, in the event the amount exceeds coverage, Movant would not be able to enforce judgment without further permission of the bankruptcy court.

16. Finally, when the hardships are balanced, the scale weighs in favor of modifying and lifting the stay. If the stay is not lifted or modified, then this will cause undue hardship and loss to Movant including having to duplicate efforts that could be handled all at once in a separate proceeding. There is no additional hardship to Debtor in having to litigate in state court rather than in this Court.

17. Movant agrees to waive any claim that may arise under 11 U.S.C. § 503(b) or § 507(b) as a result of this Motion.

18. Movant respectfully requests that this Honorable Court grant it relief from the automatic stay for the purpose of determining the Debtor's respective liability and damages in state court, and to determine the nature, extent and applicability of any insurance coverage and to permit recovery by Movant from the insurance carrier all proceeds up to and including the policy limits.

---

[6] *See* 11 U.S.C. § 362(d)(2).

To the extent, and in the unlikely event a final judgment against Debtor exceeds the applicable insurance coverage, Movant stipulates that it will then seek recovery from the Debtor's estate in the instant bankruptcy proceeding and not pursue collection efforts outside of this bankruptcy proceeding.

19. To prevent further harm to Movant's interest, Movant requests that the provisions of Rule 4001(a)(3) be waived.

WHEREFORE, Movant requests that this Court enter an order:

i. Granting this Motion;

ii. Vacating or terminating the §362(a) stay to permit Movant to pursue state court litigation against Debtor to final judgment;

iii. Permitting Movant to collect any state court judgment from any applicable insurance agreement or contribution rights of Debtor, with Movant entitled to pursue any amounts not recoverable from such insurance agreements or contribution rights in this bankruptcy action;

iv. Permitting Movant relief from the stay effective as of the date of this order and waiving the Fed. R. B. P. 4001(a)(3) fourteen-day period for the order to become final; and

v. Granting such other relief as may be just and appropriate under the circumstances.

Dated: December 3, 2024

Respectfully submitted,

**D'AMURA & ZAIDMAN, PLLC**

*/s/ Lydia R. Zaidman*
LYDIA R. ZAIDMAN
State Bar No. 24056869
609 Josephine Street
Austin, TX 78704
(718) 791-5493
lzaidman@dz-pllc.com

*Attorneys for Ansar Chmeis*

## CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day of December, 2024, the foregoing was served electronically. All parties having appeared in this matter will receive notice of this filing through the Court's electronic filing system. The Parties will be served electronically through the Court's system. Additionally, the foregoing was served upon the 20 largest creditors on the attached list, this 3rd day of December, 2024.

/s/ Lydia R. Zaidman
LYDIA R. ZAIDMAN

**CREDITOR ANSAR CHMEIS' MOTION FOR RELIEF FROM AUTOMATIC STAY PURSUANT TO 11 U.S.C s. 362(d)**

**24-10303-smr** Hot Crete LLC
**Case type:** bk **Chapter:** 11 **Asset:** Yes **Vol:** v **Bankruptcy Judge:** Shad Robinson
**Date filed:** 03/22/2024 **Date of last filing:** 11/29/2024

# Creditors

| | |
|---|---|
| **Arcosa Aggregates Texas, LLC**<br>PO Box 911205<br>Dallas, TX 75373-1205 | (18641094)<br>(20) |
| **Capital One Spark Business**<br>P.O. Box 60519<br>City of Industry, CA 91716-0519 | (18641104)<br>(20) |
| **CEMEX Construction Materials South, LLC**<br>10100 Katy Freeway, Ste 300<br>Houston, TX 77043-5267 | (18641106)<br>(20) |
| **Central Texas Regional Mobility Authority**<br>3300 N IH-35, Suite 300<br>Austin, TX 78705 | (18641107)<br>(20) |
| **CHANAS AGGREGATES, LLC**<br>7850 E. State Hwy. 29<br>Llano, TX 78643 | (18641108)<br>(20) |
| **Express Materials Services, LLC**<br>556 S HWY-95<br>Elgin, TN 78621 | (18641123)<br>(20) |
| **Federated Mutual Insurance Company**<br>9001 Airport Fwy Suite 500<br>North RIchland Hills, TX 76180 | (18641125)<br>(20) |
| **Fleetistics**<br>15310 Amberly Dr., Suite 250<br>Tampa, FL 33647 | (18641127)<br>(20) |
| **Hasten Energy Solutions**<br>405 N Post Oak Ln<br>Houston, TX 77024-5913 | (18641133)<br>(20) |
| **Hill Country Electric Supply**<br>3003 N. E. LOOP 410, SUITE 101<br>San Antonio, TX 78218 | (18641134)<br>(20) |
| **Hillard Dozer, LP**<br>12495 Reeds Lake Loop<br>Temple, TX 76501 | (18641135)<br>(20) |
| **Liberty Hill Truck Service**<br>12830 TX-29<br>Liberty Hill, TX 78642 | (18641155)<br>(20) |

**Martin Marietta Materials, Inc.**  
PO BOX 677061  
Dallas, TX 75267-7061  
(18641156)  
(20)

**Oscar Carreon**  
201 Lollipop Ln  
Cedar Park, TX 78613  
(18641165)  
(20)

**Texas Department of Transportation**  
12719 Burnet Road  
Austin, TN 78727  
(18641183)  
(20)

**Texas Enterprises. Inc. dba Allied Sales Company**  
5005 E 7th Street  
Austin, TX 78702  
(18641184)  
(20)

**Texas Lehigh Cement Company, LP**  
P.O. Box 736821  
Dallas, TX 75373-6821  
(18641186)  
(20)

**WEX Inc.**  
1 Hancock Drive  
Portland, ME 04101  
(18641198)  
(20)

**WW Air Compressor**  
402 Burleson St  
Smithville, TX 78957  
(18641199)  
(20)

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 12/02/2024 18:47:37 | | | |
| **PACER Login:** | edwardsc5my | **Client Code:** | Chmeis |
| **Description:** | Creditor List | **Search Criteria:** | 24-10303-smr Creditor Type: 20 |
| **Billable Pages:** | 1 | **Cost:** | 0.10 |