IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| IN RE: | § § § | CASE NO. 24-10303-smr |
| HOT CRETE, LLC, <br> Debtor | § § § | Chapter 11 |

**MOTION FOR RELIEF FROM AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362 TO PERMIT CONTINUATION OR COMMENCEMENT OF LITIGATION AND WAIVER OF THE FOURTEEN DAY STAY IMPOSED BY RULE 4001(a)(4)**

**This pleading requests relief that may be adverse to your interests.**

**If no timely response is filed within 14 days from the date of service, the relief requested herein may be granted without a hearing being held.**

**A timely filed response is necessary for a hearing to be held.**

**TO THE HONORABLE SHAD M. ROBINSON, U. S. BANKRUPTCY JUDGE:**

Unsecured creditors James Murdock, Jessica Murdock, Brad Wheeler, Jason Nichol, Brooke Nichol, Dwayne Simmons, Gordon Reina, Paul Medeiros, Christine Medeiros, Phillip Blaine Noel, Amy Noel, Jeffrey "Jeff" Theis, Robin Theis, Michael Ladogana, Nicole Ladogana, Gilbert Lopez, Matthew Letnaunchyn, and Kimberly Letnaunchyn (collectively, the "**Claimants**"), request this Court grant Claimants relief from the automatic stay for cause pursuant to 11 U.S.C. § 362(d)(1), Federal Rule of Bankruptcy Procedure 4001, and Local Bankruptcy Rule 4001, to permit them to continue or commence their litigation against Hot Crete, LLC ("**Debtor**"), and others, in state court. In support of this *Motion for Relief from Automatic Stay Pursuant to 11 U.S.C. §362 to Permit Continuation or Commencement of Litigation and Waiver of the Fourteen Day Stay Imposed by Rule 4001(a)(4)* (the "**Motion**"), Claimants represent as follows:

## SUMMARY

1. This chapter 11 case has stalled. Exclusivity has expired and no chapter 11 plan has been proposed. The Debtor is reaping the benefits of the automatic stay but is not moving the case along in a way that allows creditors to obtain a recovery on account of their claims. Because the Debtor is not prosecuting this bankruptcy case, Claimants request that the Court lift the automatic stay so that they can pursue their claims in state court and liquidate such claims.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(G).

3. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The statutory basis for relief sought is 11 U.S.C. § 362.

## BACKGROUND

5. On or about March 22, 2024 (the "**Petition Date**"), the Debtor filed its voluntary petition for relief under chapter 11 of the Bankruptcy Code (the "**Petition**") in this Court, the United States Bankruptcy Court for the Western District of Texas, Austin Division. *See* Dkt. No. 1.

### A. Debtor's Exclusivity Period

6. The Debtor's exclusivity period under section 1121 of the Bankruptcy Code was set to expire on July 20, 2024. *See* Dkt. No. 73.

7. On July 12, 2024, the Debtor filed the *Debtor's First Motion to Extend Exclusivity Period*. *See* Dkt. No. 73. At the time of the Debtor's motion seeking an extension of the exclusivity period, the Debtor had been "communicating with its creditors and ha[d] begun the plan drafting process." *Id.* at ¶ 14.

8. On August 8, 2024, the Court entered an order granting the Debtor an extended exclusivity period. *See* Dkt. No. 97. The Debtor's exclusivity period under section 1121 was extended through and including October 7, 2024. *Id.*

9. On October 3, 2024, the Debtor filed the *Debtor's Second Motion to Extend Exclusivity Period*. *See* Dkt. No. 132. At the time of the Debtor's motion seeking a second extension the exclusivity period, the Debtor had been "communicating with its creditors and ha[d] begun the plan drafting process." *Id.* at ¶ 17.

10. On November 27, 2024, the Court entered an order granting the Debtor a second extended exclusivity period. *See* Dkt. No. 148. The Debtor's exclusivity period under section 1121(b) was extended through and including December 6, 2024. *Id.*

11. As of the date of this Motion, the Debtor has not filed a plan for reorganization, even though the exclusivity period lapsed over a month ago and has not sought any further extensions of the exclusivity period.

B. **Claimants' Claims Against the Debtor**

12. Each of the Claimants are unsecured creditors of the Debtor and are parties in interest in these proceedings.

13. The Claimants filed timely proofs of claims in this bankruptcy proceeding. *See* Claim Nos. 114-22, 138, 152.

14. The following claimants[1] had pending state court litigation against the Debtor as of the Petition Date:

    a. James Murdock and Jessica Murdock have claims pending against Hot Crete, LLC in *James Murdock and Jessica Murdock v. Paradise Hill Country Enterprises, LLC d/b/a Paradise Pools and Spas and Hot Crete, LLC*, Cause No. 24-0258-C425, in the 425th Judicial District Court,

---

[1] These claimants' state court proceedings are hereinafter referred to as "the **Pending Litigation**."

       Williamson County, Texas (the "**Murdock Litigation**"). *See* Claim No. 115.

   b. Brad Wheeler has claims pending against Hot Crete, LLC in *Brad Wheeler v. Hot Crete, LLC and Baird Services, LLC d/b/a Premier Pools and Spas*, Cause No. D-1-GN-23-001534, in the 201st Judicial District Court, Travis County, Texas (the "**Wheeler Litigation**"). *See* Claim No. 121.

   c. Jason Nichol and Brooke Nichol have claims pending against Hot Crete, LLC in *Jason Nichol and Brooke Nichol v. Baird Services, LLC d/b/a Premier Pools and Spas and Hot Crete, LLC*, Cause No. D-1-GN-24-000937, in the 455th Judicial District Court, Travis County, Texas (the "**Nichol Litigation**"). *See* Claim No. 119.

15. The following claimants[2] had not yet commenced litigation in state court as of the Petition Date:

   a. Dwayne Simmons has claims against Hot Crete, LLC for damages arising from construction defects of a swimming pool that was installed at Simmons' residence. *See* Claim No. 122.

   b. Gordon Reina has claims against Hot Crete, LLC for damages arising from construction defects of a swimming pool that was installed at Reina's residence. *See* Claim No. 114.

   c. Paul Medeiros and Christine Medeiros have claims against Hot Crete, LLC for damages arising from construction defects of a swimming pool that was installed at the Medeiros' residence. *See* Claim No. 117.

   d. Phillip Blaine Noel and Amy Noel have claims against Hot Crete, LLC for damages arising from construction defects of a swimming pool that was installed at the Noels' residence. *See* Claim No. 116.

   e. Jeffrey "Jeff" Theis and Robin Theis have claims against Hot Crete, LLC for damages arising from construction defects of a swimming pool that was installed at the Theis' residence. *See* Claim No. 118.

   f. Michael Ladogana and Nicole Ladogana have claims against Hot Crete, LLC for damages arising from construction defects of a swimming pool that was installed at the Ladoganas' residence. *See* Claim No. 120.

---

[2] These claimants had yet to assert their claims in state court as of the Petition Date. These claimants' claims are herein after referred to as " the **Pre-Litigation Claims**."

g. Gilbert Lopez has claims against Hot Crete, LLC for damages arising from construction defects of a swimming pool that was installed at Lopez' residence. *See* Claim No. 138.

h. Matthew Letnaunchyn and Kimberly Letnaunchyn have claims against Hot Crete, LLC for damages arising from construction defects of a swimming pool that was installed at the Letnaunchyns' residence. *See* Claim No. 152.[3]

16. The Claimants respectfully request the Court grant relief from the automatic stay, permitting the Litigation Claims to continue in state court and permitting the Pre-Litigation Claims to commence proceedings against the Debtor in state court.

## ARGUMENT AND AUTHORITIES

17. Pursuant to section 362(d)(1) of the Bankruptcy Code, Claimants seek relief from the automatic stay for cause to either continue the Pending Litigation or commence the Pre-Litigation Claims up to the limits of the applicable insurance coverage and to collect against the proceeds of applicable insurance. *Houston v. Edgeworth (In re Edgeworth)*, 993 F.2d 51, 53-54 (5th Cir. 1993) (finding that a tort plaintiff must first establish debtor's liability before the insurer is contractually obligated to make payments).

18. Claimants currently do not seek to prosecute the Pending Litigation or Pre-Litigation Claims from the Debtor or bankruptcy estate. Claimants are aware or advised that Debtor obtained applicable insurance policies through Federated Mutual Insurance Company ("**Federated**") that would cover their claims. Claimants' seek to continue the Pending Litigation and commence the Pre-Litigation Claims against the Debtor as a nominal party to establish liability only, including to liquidate the amount of the Claimants' claims to be allowed in Debtor's

---

[3] The Letnaunchyns have claims pending in *Matthew Letnaunchyn and Kimberly Letnaunchyn v. Big Dog Gunite, LLC and Premier ATX Industries, LLC d/b/a Premier Pools and Spas*, Cause No. 24-1948, in Hays County, Texas (the "**Letnaunchyn Litigation**"). After initiating the Letnaunchyn Litigation, the Letnaunchyns discovered the Debtor was involved in the construction of their pool. The Debtor filed for bankruptcy before the Letnaunchyns were able to pursue claims against the Debtor in state court. *See* Claim No. 152. The Letnaunchyn Litigation is included within the Pre-Litigation Claims because their claims against Debtor had not been initiated in state court prior to the Petition Date.

bankruptcy case if the applicable insurance proceeds do not completely cover Claimants' claims.

19. Under section 362(d)(1), a bankruptcy court may lift the automatic stay for "cause." 11 U.S.C. §362(d)(1). Courts consider various facts to determine whether "cause" exists to warrant relief from the automatic stay, including "whether the bankruptcy case was filed . . . on the eve of trial, whether there is a lack of connection with or interference with the bankruptcy case . . . , whether prejudice to the bankruptcy estate results and whether the unsecured creditor seeking relief intends to recover from non-estate property." *In re Fowler*, 259 B.R. 856, 858 (Bankr. E.D. Tex. 2001) (citing *In re Borbidge*, 81 B.R. 332 (Bankr. E.D. Pa. 1988)). Bankruptcy courts have discretion in granting relief from the automatic stay and make this determination on a case-by-case basis. *Id.* at 858.

20. The Debtor's failure to prosecute this bankruptcy case has had the effect of protecting the Debtor via the automatic stay while prejudicing the Claimants who are unable to liquidate their claims against the Debtor. The Debtor's failure to prosecute this case constitutes cause to grant Claimants' requested relief.

21. The Debtor's estate will not be prejudiced if the court grants the requested relief in this Motion. Any initial recovery Claimants receive will be from applicable insurance coverage only and will be limited by applicable policy limits. *See In re Edgeworth.* at 55–56. ("When a payment by the insurer cannot inure to the debtor's pecuniary benefit, then that payment should neither enhance nor decrease the bankruptcy estate." (citing *First Fidelity Bank v. McAteer*, 985 F.2d 114, 117 (3d Cir. 1993)).

22. Claimants have been severely prejudiced, and will continue to be severely prejudiced, if they are prevented from pursuing their claims in state court because the Debtor has delayed this bankruptcy proceeding by failing to prosecute this bankruptcy case and failing to

propose a plan. Claimants have been unable to pursue their claims or even make progress towards a resolution because of the automatic stay. The Debtors have failed to propose a plan in the almost ten months since filing for bankruptcy. It is especially noteworthy that the second extended exclusivity period lapsed over a month ago. *See* Dkt. No. 148. The Pending Litigation claimants are especially prejudiced because they have expended significant resources pre-petition in the Pending Litigation.

23. Debtor alleges that lifting the stay to permit creditors to pursue their claims against Federated would conflict with the Debtor's plan to create a liquidating trust for the insurance proceeds.[4] Further, Debtor claims that lifting the stay would result in a delay in the claim determination process.[5] But as mentioned previously, Debtor is not prosecuting this bankruptcy case and has not proposed a plan in the nearly ten months since initiating this proceeding. Any delay in the claim determination process has been caused by the Debtor.

**WHEREFORE**, based on the foregoing, the Claimants requests that the Court grant this Motion and lift the automatic stay pursuant to § 362(d)(1) of the Bankruptcy Code, permitting the Litigation Claims to continue in state court and permitting the Pre-Litigation Claims to commence against the Debtor in state court, which consequently liquidates the Claimants' claims; waive the fourteen-day stay provided by the FED. R. BANKR. P. 4001(a)(4); and grant the Claimants such other and further relief to which they may justly be entitled.

---

[4] *See Debtor's Opposition to Ansar Chmeis's Motion for Relief From Automatic Stay Pursuant to 11 U.S.C. § 362(d) (Reference Docket No. 152)*. Dkt. No. 157.
[5] *Id.* ¶ 15.

Respectfully submitted,

HOLLAND & KNIGHT LLP

By: */s/ Trip Nix*
    William R. "Trip" Nix
    State Bar No. 24092902
    98 San Jacinto Blvd., Suite 1900
    Austin, Texas 78701
    (512) 685-6400
    (512) 685-6417 (FAX)
    Email: trip.nix@hklaw.com

COUNSEL TO CLAIMANTS

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the foregoing document has been served upon all parties on the attached Master Service List either electronically via the Court's ECF system, via email or via United States First Class Mail on January 23, 2025:

*/s/ Trip Nix*
Trip Nix