**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| HOT CRETE, LLC, | § | Case No. 24-10303-smr |
| | § | |
| Debtor. | § | Chapter 11 |
| | § | |

---

**STIPULATION TO EXTEND DEADLINE PER AGREED ORDERS GRANTING**
**MOTION FOR RELIEF FROM THE AUTOMATIC STAY**
*(Reference Docket Nos. 195 & 196)*

---

COMES NOW Hot Crete, LLC (the "Debtor"), Ansar Chmeis ("Chmeis"), James Murdock, Jessica Murdock, Brad Wheeler, Jason Nichol, Brooke Nichol, Dwayne Simmons, Gordon Reina, Paul Medeiros, Christine Medeiros, Phillip Blaine Noel, Amy Noel, Jeffrey "Jeff" Theis, Robin Theis, Michael Ladogana, Nicole Ladogana, Gilbert Lopez, Matthew Letnaunchyn, and Kimberly Letnaunchyn (collectively, the "Parties") and files this *Stipulation to Extend Deadline per Agreed Orders Granting Motion for Relief from the Automatic Stay* (the "Stipulation"). In support of the Stipulation, the Parties would show the Court as follows:

1. On March 22, 2024 (the "Petition Date"), the Debtor filed a Voluntary Petition under Chapter 11 of the Bankruptcy Code, thereby initiating the above-captioned case (the "Chapter 11 Case").

2. On December 3, 2024, Chmeis filed his *Motion for Relief from Automatic Stay Pursuant to 11 U.S.C. § 362(d)* (the "Motion") (Docket No. 152).

3. On December 17, 2024, the Debtor filed their opposition to Chmeis's Motion (Docket No. 157).

4. On January 23, 2025, James Murdock, Jessica Murdock, Brad Wheeler, Jason Nichol, Brooke Nichol, Dwayne Simmons, Gordon Reina, Paul Medeiros, Christine Medeiros, Phillip Blaine Noel, Amy Noel, Jeffrey "Jeff" Theis, Robin Theis, Michael Ladogana, Nicole Ladogana, Gilbert Lopez, Matthew Letnaunchyn, and Kimberly Letnaunchyn filed their Motion for Relief from Automatic Stay Pursuant to 11 U.S.C. § 362 to Permit Continuation or Commencement of Litigation and Waiver of the Fourteen Day Stay Imposed by Rule 4001(a)(4).

5. The Debtor reached agreements with both Chmeis and the other movants to lift the automatic stay if the Debtor did not meet certain deadlines to get a liquidating plan filed, approval of the disclosure statement, and confirmation of the plan. (the "<u>Agreed Orders</u>")(Docket Nos. 195 & 196). Failure by the Debtor to meet the deadlines would constitute an Event of Default and the automatic stay would lift.

6. After the Debtor filed its plan of liquidation by the agreed-to deadline the Court set the hearing for approval of the disclosure statement for June 5, 2025. As the hearing date is after the agreed-to deadline for approval of the disclosure statement, the Parties stipulate and agree to extend the deadline to obtain the Court's approval for the Disclosure Statement to June 5th. The Parties further agree that this agreement shall be without prejudice to any and all other rights that may exist, including the right to seek additional time or other relief from the Bankruptcy Court as may be necessary.

*[Signature Page as Follows]*

Dated: May 27, 2025                    Respectfully submitted,

**HAYWARD PLLC**

*/s/ Todd Headden*
Todd Headden
Texas State Bar No. 24096285
**HAYWARD PLLC**
7600 Burnet Road, Suite 530
Austin, TX 78757
(737) 881-7100 (Phone/Fax)
theadden@haywardfirm.com

**Counsel for Hot Crete, LLC**

**-AND-**

**D'AMURA & ZAIDMAN, PLLC**

*/s/ Lydia R. Zaidman*
*[E-Signed with Permission]*
Lydia R. Zaidman
State Bar No. 24056869
609 Josephine Street
Austin, Texas 78704
(718) 791-5493 (Phone)
lzaidman@dz-pllc.com

**Counsel for Ansar Chmeis**

**And**

**KANE RUSSELL COLEMAN & LOGAN PC**
**By: /s/ Trip Nix**
*[E-signed with Permission]*
William R. "Trip" Nix
Texas Bar No. 24092902
401 Congress Ave., Ste. 2100
Austin, Texas 78701
(512) 487-6568
tnix@krcl.com

*Attorneys for Movants*