**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| HOT CRETE, LLC, | § | CASE NO. 24-10303-smr |
| | § | |
| *Debtor.* | § | CHAPTER 11 |
| | § | |

## INSURER SETTLEMENT, RELEASE AND POLICY EXHAUSTION AGREEMENT

### Parties

The parties to this Insurer Settlement, Release and Policy Exhaustion Agreement ("Agreement") are Hot Crete, LLC ("Hot Crete") on the one hand, and Federated Mutual Insurance Company and Federated Reserve Insurance Company (collectively referred to herein as "Federated") on the other hand. Hot Crete and Federated may sometimes be referred to herein collectively as the "Parties" or singularly as a "Party."

### Recitals

WHEREAS, Federated Mutual Insurance Company issued primary liability insurance policy no. 9850923 (eff. 3/11/20 to 3/11/21, and renewed to 3/11/22) to Hot Crete and Federated Reserve Insurance Company issued primary liability insurance policy no. 9850923 (eff. 3/11/22 to 3/11/23, renewed to 3/11/24 and cancelled effective 10/2/23) and umbrella liability insurance policy no. 1827267 (eff. 3/11/22 to 3/11/23, renewed to 3/11/24 and cancelled effective 10/2/23) to Hot Crete (all of said primary and umbrella policies shall be referred to collectively herein as the "Policies"); and

WHEREAS, the combined aggregate limits of all the Policies as written total $10 million, of which $9,916,456.02 of said combined limits remains on the Policies; and

WHEREAS, numerous claims have been asserted and/or may be asserted against Hot Crete by various homeowners, pool builders, contractors, and/or subcontractors based primarily on Alkali-Silica Reaction ("ASR") in swimming pools installed by Hot Crete ("Pool Claims"), which have resulted in extensive property damage not only to portions of various swimming pools installed by Hot Crete, but have also resulted in damage to property outside the scope of Hot Crete's work or product, and have necessitated the tear out and/or repair and replacement of additional property outside the scope of Hot Crete's work or product; and

WHEREAS, Hot Crete filed for relief under Chapter 11 of Title 11 of the United States Bankruptcy Code (the "Bankruptcy Case"). Hot Crete continues to operate its business as a "Debtor in Possession" pursuant to Section 1107 and 1108 of the Bankruptcy Code.

WHEREAS, Hot Crete intends to pursue a liquidating plan with a trustee to administer a claims resolution process for the Pool Claims; and

WHEREAS, the number and value of the Pool Claims and the amount of damage resulting from ASR in swimming pools installed by Hot Crete vastly exceed the remaining available combined limits of the Policies and as such Hot Crete claims that the policy proceeds constitute the property of Hot Crete's bankruptcy estate; and

WHEREAS, both Federated and Hot Crete wish to avoid claimants racing to the courthouse to liquidate the Pool Claims, and wish to avoid coverage litigation between themselves and with claimants, as well as the time and expense of litigation of the Pool Claims; and

WHEREAS, Hot Crete and Federated wish to settle their disputes between themselves and to establish a process for addressing the Pool Claims that allows for neutral administration and

Insurer Settlement, Release and Policy Exhaustion Agreement

2

resolution of said claims, while providing finality and certainty with regard to Federated's exposure, and to have such claims resolution process be part of Hot Crete's bankruptcy plan approved by the Court, and to also secure injunctive relief that ensures the finality and comprehensiveness of the process to address the Pool Claims.

**Terms**

THE PARTIES HEREBY AGREE AS FOLLOWS:

1. Upon the Effective Date and the appointment of the liquidating trustee (the "Liquidating Trustee") as the fiduciary for the Liquidation Trust, following the entry of a final non-appealable order confirming Hot Crete's bankruptcy plan and approval of this Agreement, Federated will pay $9,916,456.02, the remaining limits of the Policies, to the Liquidating Trustee, designated to be Eric J. Taube, in his capacity as the Liquidating Trustee in the Bankruptcy Case. Said money will be used to fund a liquidating trust created under Hot Crete's bankruptcy plan to address all present and future Pool Claims, which will be resolved in connection with the captioned proceeding.

2. In consideration of the payment described in the preceding paragraph and in paragraph 4, Hot Crete does hereby forever RELEASE, ACQUIT, and DISCHARGE Federated Mutual Insurance Company and Federated Reserve Insurance Company, and each of them, and each and all of their parent and affiliated companies, successors, assigns, insurers, reinsurers, officers, directors, shareholders, members, employees, adjusters, agents, servants, and attorneys, and all such persons' and entities' parent and affiliated companies, successors, assigns, insurers, reinsurers, officers, directors, shareholders, members, employees, adjusters, agents, servants, and attorneys, and each of them, whether named herein or not, all of whom are sometimes referred to

herein as the "Released Parties," of and from any and all past, present, and future rights, claims, demands, actions, causes of action, losses, damages, lawsuits, awards, judgments and expenses, whether based on tort, contract, statute or equity, known or unknown, foreseen or unforeseen, that arise out of or that are directly or indirectly related to any Pool Claims, as well as of and from all other rights, claims, demands, actions, causes of action, losses, damages, lawsuits, awards, judgments and expenses, whether based on tort, contract, statute or equity, known or unknown, foreseen or unforeseen, that are or that could be covered under all or any of the Policies.

3. As to the matters expressed in the immediately preceding paragraph, and without limiting the scope of that paragraph in any manner, Hot Crete releases the Released Parties, and each of them, of and from any and all claims for insurance coverage under the Policies in connection with the Pool Claims or any other claims, all duties of defense or indemnity under the Policies in connection with any past, present or future claims and lawsuits of any kind, and all future attempts to collect on any claims, awards or judgments that are or that could be covered under all or any of the Policies. This release also includes, but is not limited to, all claims for unfair trade practices or tort damages, punitive or exemplary damages, enhanced or treble damages, quasi-contractual damages, damage under or for breach of the Texas Deceptive Trade Practices – Consumer Protection Act, damages under or for breach of any provision of Chapter 541 of the Texas Insurance Code, damages under or for breach of any provision of Chapter 542 of the Texas Insurance Code, damages under or for breach of any order, rule or regulation by the Commissioner of Insurance of the State of Texas or the State Board of Insurance of the State of Texas or the Texas Department of Insurance, violations of the Texas Administrative Code, damages under or for breach of any similar law, statute, order, rule, or regulation, whether under any other state's law or under federal law, breach of contract, breach of any common law duty of good faith and

Insurer Settlement, Release and Policy Exhaustion Agreement

4

fair dealing, failure to settle, failure to investigate, failure to defend, failure to appeal, negligence, misrepresentation, failure to disclose information, waiver, estoppel, personal and advertising injury, bodily injury, property damage, economic loss, fraud, consequential damages, or any other damages under state or federal statutes or common law, interest, costs, attorney fees, or any declaratory, equitable, or other special relief, and including all claims based on Federated's handling of the Pool Claims or any other claims.

4. In addition to the payment referenced in paragraph 1 above, Federated hereby agrees to pay to the Liquidating Trustee the total sum of $270,000. This payment will be used to fund the administrative costs of the Liquidating Trust, including trustee and attorney fees, in connection with the claims resolution process for the Pool Claims.

5. This Agreement is conditioned upon: (1) the Bankruptcy Court issuing an order confirming Hot Crete's bankruptcy plan which provides in part for a claims resolution process for the Pool Claims administered through a Liquidating Trust, the administrative costs of which to be paid with the funds paid by Federated as provided in paragraph 4 above; (2) the Court issuing an order approving this Agreement as part of Hot Crete's confirmed bankruptcy plan, and (3) the Court approving as part of the confirmed bankruptcy plan injunctive relief with regard to any present or future Pool Claims and requiring the resolution of all such claims solely through the claims resolution process established in Hot Crete's confirmed bankruptcy plan. If any of these conditions are not met this Agreement shall be null and void and the Parties shall have no obligations hereunder.

6. Federated and Hot Crete agree that the Policies are completely exhausted upon the making of the payment referenced in paragraph 1 above and that any duty on the part of Federated to pay anything else pursuant to the Policies, whether by way of defense, indemnity, administrative

Insurer Settlement, Release and Policy Exhaustion Agreement

costs or otherwise, is extinguished upon said payments.

7. It is the express intent of the Parties that Federated will never have to pay any additional funds to or on behalf of Hot Crete, or to third parties or claimants, whether under the Policies or otherwise, in connection with any present or future Pool Claims against Hot Crete, or in connection with any other present or future claims against Hot Crete, including claims that are not resolved through the Liquidating Trust, whether because claimants have opted out of said process or for any other reason.

8. Hot Crete and its counsel believe and acknowledge that the consideration paid for this Agreement is a reasonable amount in light of all of the surrounding circumstances, including the time and expense associated with litigation of the Pool Claims and with litigation of coverage issues among Hot Crete, Federated, and present and future claimants.

9. Hot Crete understands and agrees that this settlement is a compromise of a doubtful and disputed claim, and that the payment made is not to be construed as an admission of liability on the part of either Hot Crete or Federated (or any other Released Party), by whom liability is expressly denied, but on the contrary this Agreement is being entered into merely to avoid litigation and to buy peace.

10. Hot Crete further understands and agrees that there may be a risk that, after the signing of this Release, Hot Crete may incur or suffer loss, damage or injuries that are in some way caused by or related to matters that are the subject of this Agreement, but which are unknown or unanticipated at the time of the signing of this Agreement. Further, there is a risk that the loss or damage presently known may be or become greater than Hot Crete expects or anticipates. Hot Crete assumes these risks, including the risk of mutual mistake, and the releases given herein shall apply to all such unknown or unanticipated results, as well as those

known and anticipated.

11. Hot Crete agrees that it is signing this Agreement of its own free will and accord and that, except as expressly stated herein, Hot Crete has not relied upon any statements, promises, warranties, or representations made by any person representing or claiming to represent Federated or any other Released Party, and that Hot Crete is doing so upon its own knowledge of the facts and upon its own business judgment of the future development, progress, and result of injuries known and unknown, and after having consulted with legal counsel of its own choosing about this Agreement, Hot Crete realizing all the time that this Agreement is a final and complete settlement of a disputed matter.

12. Each signatory to this Agreement warrants that he, she, or it is duly authorized to execute this Agreement and to bind the persons or entities on behalf of which he, she or it signs to act with respect to the rights and claims that are being altered or otherwise affected by this Agreement.

13. It is understood and agreed that the consideration expressed herein is contractual and not a mere recital.

14. This Agreement shall be construed and enforced in accordance with the laws of the State of Texas and shall be binding upon Hot Crete and the Released Parties' respective heirs, personal representatives, successors, and assigns.

15. Any term defined in this Release stated in a singular form shall include the plural form, and any defined term stated in a plural form shall include the singular form.

16. This Release is a compromise and settlement of disputed claims. It is the product of arms-length negotiations. The language of this Release shall not be presumptively construed against either Hot Crete or any of the Released Parties.

Insurer Settlement, Release and Policy Exhaustion Agreement

17. This Release constitutes the entire agreement by Hot Crete with any of the Released Parties with respect to the subject matter hereof and is entered into by Hot Crete of its own free will and accord. Any prior oral or written statements concerning the subject matter hereof are merged herein for all purposes and shall be of no further force and effect; provided, however, that this Release may be extended or modified by subsequent written agreement executed and signed by the Party(ies) intending to be bound thereby, or by their respective legal counsel as authorized by the represented party. Hot Crete agrees to execute and deliver such other and further documents as may be necessary to effectuate the intent and purposes of this Release.

18. Nothing in this Release shall affect the rights of Federated as to reinsurance or retrocessional recoveries arising as a result of this settlement, nor shall it affect the rights that Federated may have to seek those reinsurance or retrocessional recoveries in any action or proceeding of its choosing.

IN WITNESS WHEREOF, Hot Crete, Federated Mutual Insurance Company and Federated Reserve Insurance Company have signed this Agreement on the dates indicated following the below signatures, which last date shall be the date of this Agreement, Hot Crete having consulted with an attorney of its own choosing about the meaning and effect of this Release.

Signature Page follows:

Hot Crete, LLC

By: _____

Its: _____

Date: _____

Federated Mutual Insurance Company

By: _____

Its: _____

Date: _____

Federated Reserve Insurance Company

By: _____

Its: _____

Date: _____